IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| FRED RUSH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-cv-518-RAH |
| | ) | [WO] |
| B.T. ROBERTS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

In this case's current posture, thirteen current and former Auburn University students and parents (the Plaintiffs) seek injunctive and declaratory relief from the Defendants concerning the Plaintiffs' in-state resident status for tuition purposes at Auburn.[1] The Defendants move for partial summary judgment (Doc. 92) against six of the student-plaintiffs (Zoe Kulick, Alex Rush, Nicholas Rush, William Culjak, Nicholas Pero and Brandon Weidle) and three of the parent-plaintiffs (Laura Kulick, Fred Rush, and Gordon Weidle), arguing that the Court no longer has jurisdiction to grant them prospective injunctive and declaratory relief since this group of plaintiffs have either graduated from Auburn, have been granted in-state resident status, or

[1] This Court previously dismissed the claims of two plaintiffs in full, and as to all plaintiffs, dismissed all claims against the Defendants in their individual capacities. (Doc. 82.)

have not shown sufficient intent to seek in-state resident status. These nine plaintiffs argue that an exception to the mootness doctrine applies. And pertinent to Plaintiff William Culjak, Culjak argues that having re-enrolled at Auburn for the Summer and Fall 2023 semesters, he need not show exhaustion of administrative remedies to maintain standing in this action. After considering the arguments presented, the Court finds that the Defendants' motion is due to be granted in part and denied in part.

## II. STANDARD OF REVIEW

To succeed on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the evidence, and all reasonable inferences drawn from it, in the light most favorable to the nonmoving party. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* Or a movant who does not have a trial burden of production can assert, without citing the record, that the nonmoving party "cannot produce admissible

evidence to support" a material fact. Fed. R. Civ. P. 56(c)(1)(B); *see also* Fed. R. Civ. P. 56 advisory committee's note ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials. . . . [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact."). If the movant meets its burden, the burden shifts to the nonmoving party to establish—with evidence beyond the pleadings—that a genuine dispute material to each of its claims for relief exists. *Celotex Corp.*, 477 U.S. at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

## III. BACKGROUND

Relevant evidence is summarized in the light most favorable to the nonmovants as follows:

Since the filing of the initial complaint, Nicholas Pero and Brandon Weidle have graduated from Auburn. (Doc. 92-1 at 34, 64.) Plaintiff William Culjak, having previously withdrawn from Auburn after unsuccessfully applying twice for in-state tuition, recently re-enrolled at Auburn for the Summer and Fall 2023 terms, but he has been told that he will be treated as a non-Alabama resident. (Doc. 113-1; Doc. 124 at 2.) Zoe Kulick, Alex Rush, and Nicholas Rush have been granted in-

state resident status by Auburn and are now paying in-state tuition rates. (Doc. 92-1 at 28, 46–49, 56.)

## IV. DISCUSSION

"[T]o have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that [s]he will be affected by the allegedly unlawful conduct in the future." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1283 (11th Cir. 2001); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). While Article III standing must exist at the time the complaint is filed, *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003), a plaintiff's standing "must continue throughout its existence (mootness)," *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189–90 (2000) (citation omitted). "If, due to events that have happened since the filing of the complaint, the court can no longer redress" the plaintiff's asserted injury, the plaintiff's claim "is moot and should be dismissed." *Fla. Wildlife Fed. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1304 (11th Cir. 2011). "As is so often the case in suits for injunctive relief brought by students, graduation or impending graduation renders their claims for injunctive relief moot." *Pederson v. La. State Univ.*, 213 F.3d 858, 874 (5th Cir. 2000) (holding that, "[b]ecause the named plaintiffs will not benefit from a favorable ruling on the question implicating injunctive relief, . . . this question is moot as to them").

But "[i]t is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" *Friends of the Earth*, 528 U.S. at 189 (citation omitted); *see also United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1356–57 (11th Cir. 2019). Accordingly, a party asserting mootness due to the voluntary cessation of their challenged conduct carries a "heavy burden" in persuading the court that "challenged conduct cannot reasonably be expected to start up again." *Friends of the Earth*, 528 U.S. at 189 (citation omitted); *see also Askins & Miller Orthopaedics, P.A.*, 924 F.3d at 1357.

Plaintiffs whose claims have allegedly become moot may assert the "'capable of repetition, yet evading review' exception to the mootness doctrine" when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1343 (11th Cir. 2014) (citing *Davis v. FEC*, 554 U.S. 724, 735 (2008)). This exception "only applies in 'exceptional situations.'" *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1256 (11th Cir. 2001) (quoting *Lyons*, 461 U.S. at 109). "The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at

that time." *Hall v. Sec'y, Alabama*, 902 F.3d 1294, 1297 (11th Cir. 2018) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam)).

**A. Former Students**

In their motion, the Defendants produce evidence that Nicholas Pero and Brandon Weidle have recently graduated from Auburn and therefore no longer have any affiliation with Auburn. Thus, according to the Defendants, their tuition-related claims for injunctive and declaratory relief are moot.

In response, Pero and Weidle argue that their claims are subject to the "capable of repetition, yet evading review" exception to the mootness doctrine[2] because it is reasonable to expect people to return to school to pursue a graduate degree. However, Pero and Weidle do not make any argument, let alone provide evidence, concerning the expectation that *they* would return to Auburn. *See Arcia*, 772 F.3d at 1343. Moreover, arguments in a brief are not evidence. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013) ("Statements by counsel in briefs are not evidence . . . .").

The Fourth Circuit, addressing a similar argument in an undergraduate residency determination case brought by a graduated student, persuasively held that

[2] The Plaintiffs also argue that the collateral consequences exception saves their claims from mootness. As the Defendants correctly point out, though, the Plaintiffs' sole case citation here concerns the "capable of repetition, yet evading review" exception. (*See* Doc. 96 at 6–7 (citing *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 126 (1974)).) Accordingly, the Court will only address arguments raised under the "capable of repetition, yet evading review" exception.

a plaintiff's assertion that she may pursue graduate education could not save her injunctive and declaratory relief claims from summary judgment on mootness grounds. *Herrera v. Finan*, 709 F. App'x 741, 745 (4th Cir. 2017) (per curiam). The Court finds that Pero's and Weidle's claims are due the same treatment, especially considering that, unlike the plaintiff in *Herrera*, Pero and Weidle do not argue, let alone provide evidence, that they themselves may want to re-enroll at Auburn. *Cf. id.* at 745–46. Instead, their brief in opposition to summary judgment merely asserts broad, general statistical probabilities as to their generation's enrollment in graduate programs, which themselves are speculative and also do not speak to Pero's or Weidle's intentions.

Pero and Weidle also must show that Auburn's residency determination processes are "in [their] duration too short to be fully litigated prior to cessation or expiration." *See Arcia*, 772 F.3d at 1343. They assert that undergraduate students simply do not have sufficient time to bring residency determination claims in court before graduating, particularly if they hope to reap the benefits of reduced tuition bills. However, these assertions are made with no citation to evidence, and the Court finds that the present circumstances do not resemble those cases in which this exception to mootness has been applied. *See, e.g.*, *K.A. ex rel. F.A. v. Fulton Cnty. Sch. Dist.*, 741 F.3d 1195, 1200 (11th Cir. 2013) (concluding that the "capable of repetition, yet evading review" exception applied in a case challenging the

procedures used to adopt an Individualized Education Plan (IEP) because the plaintiff's IEP would expire annually, and therefore the associated claims would be mooted, before any judicial relief could ever be granted); *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 126 (1974) (holding that "[a] strike that lasts six weeks, . . . like pregnancy at nine months and elections spaced at yearlong or biennial intervals," should be entitled to the "capable of repetition, yet evading review" exception). Here, Pero and Weidle enrolled at Auburn as undergraduate students, which degrees ordinarily take four to five years to complete. They have not persuasively argued or produced any evidence that Auburn's residency determinations are "too short [in duration] to be fully litigated prior to" a student's graduation. *See Arcia*, 772 F.3d at 1343.

Since, based on this record, Pero and Weidle have not produced evidence that there is a reasonable expectation they will return to Auburn, or that Auburn's actions cannot be fully litigated before a student graduates, they cannot show that their claimed harm is capable of repetition, yet evading review. Consequently, this exception to the mootness doctrine does not apply. The claims of Nicholas Pero and Brandon Weidle are moot, as is the claim of Gordon Weidle, Brandon Weidle's

father.[3] Accordingly, the Defendants' summary judgment motion is due to be granted as to them.

**B. In-State Resident Students**

The Defendants further assert that because Plaintiffs Zoe Kulick, Alex Rush, and Nicholas Rush recently have been granted in-state resident status and therefore are now receiving in-state tuition, they and their parents no longer have a live case or controversy. The Plaintiffs argue that their residency status is continuously reviewed and therefore could revert to a non-Alabama resident designation. The Defendants assert in their reply brief that "no evidence has been provided to this Court that the Resident Students (or their Parents) are in jeopardy of losing the students' residency tuition status." (Doc. 114 at 5.)

The Defendants bear the "heavy burden" of showing that their challenged conduct—the denial of in-state residency status—"cannot reasonably be expected to [resume]." *See Friends of the Earth*, 528 U.S. at 189. Here, the Defendants have not shown, and do not argue, that the current residency status of Zoe Kulick, Alex Rush, and Nicholas Rush is permanent or incapable of changing. The registration

[3] The Plaintiffs also assert that the cases cited by the Court in its January 10, 2023 Memorandum Opinion and Order (Doc. 82 at 15–16) and by the Defendants on their current motion for the proposition that graduation moots many claims by students against educational institutions are factually distinct and therefore should not be relied upon in this matter. *See Bd. of Sch. Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128 (1975) (per curiam); *DeFunis v. Odegaard*, 416 U.S. 312 (1974); *Pederson v. La. State Univ.*, 213 F.3d 858 (5th Cir. 2000). The Plaintiffs do not persuasively argue why these factual distinctions are relevant to the Court's analysis here.

record filed into evidence by the Defendants even reflect that the status of students can change from one semester to the next. (*See, e.g.*, Doc. 92-1 at 27–29 (records reflecting residency status by semester of Zoe Kulick).) Accordingly, the claims of Zoe Kulick, Alex Rush, and Nicholas Rush are not moot based on their current residency status, and the Defendants are not due summary judgment as to these three plaintiffs at this stage.

**C. William Culjak**

Lastly, as it concerns Plaintiff William Culjak, the Defendants assert that because Culjak has not sought in-state tuition for the Summer and Fall 2023 terms, he too does not have standing to proceed in this action.

The Court previously permitted Culjak's claims for injunctive and declaratory relief to proceed when he pled that he previously applied for in-state tuition for the Fall 2020 semester but was twice denied. (*See* Doc. 67 at 30–31; Doc. 82 at 38.) Nothing in the record suggests any change in the Court's ability to grant prospective injunctive relief as to Culjak given his current enrollment status. *See Friends of the Earth*, 528 U.S. at 189–90. Culjak has enrolled as a student at Auburn and once again will be treated as a non-resident student for tuition purposes. Just because Culjak has not formally applied for in-state tuition as of the time of this motion does not necessarily show that he has conceded or abandoned his claims or that his claims are mooted, especially since his previous efforts to obtain in-state tuition were

denied upon the same general facts and he is enrolled at Auburn. The Defendants have not shown their entitlement to summary judgment as to William Culjak's claims based on his current enrollment status.

## V. CONCLUSION

Accordingly, it is hereby ORDERED as follows:

(1) Defendants' Motion for Summary Judgment (Doc. 92) is GRANTED in part and DENIED in part. It is granted as to the claims of Nicholas Pero, Brandon Weidle, and Gordon Weidle. It is denied as to the claims of Zoe Kulick, Laura Kulick, Alex Rush, Nicholas Rush, Fred Rush, and William Culjak.

(2) Plaintiffs Nicholas Pero, Brandon Weidle, and Gordon Weidle are DISMISSED as plaintiffs from this action. Accordingly, the Motion for Summary Judgment (Doc. 101) and Motion for Leave to Amend (Doc. 102), as applicable to Nicholas Pero, Brandon Weidle, and Gordon Weidle, are DENIED as moot. The Motion for Summary Judgment (Doc. 101) and Motion for Leave to Amend (Doc. 102) are to remain pending as filed by the remaining Plaintiffs in this action.

(3) This action shall proceed as to the claims of Plaintiffs Scott Allen, Haley Allen, Zoe Kulick, Laura Kulick, Alex Rush, Nicholas Rush, Fred Rush, Michael Culjak, Caroline Culjak, and William Culjak.

DONE, on this the 19th day of May, 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE